In the Matter of JAMES FRANCIS KELLY, an Attorney, Respondent.

First Department, March 10, 1933.

*Einar Chrystie*, for the petitioner.

Respondent in person.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division, First Department, on January 9, 1928.

This is a motion to confirm the report of a referee finding the respondent guilty and to fix the punishment, and a cross-motion to open a default upon a hearing of charges before a referee.

The respondent has been found guilty as charged, to wit, of committing bigamy by inducing one Anna C. Lamont to go through a marriage ceremony with him by falsely representing himself to be a single person, and falsely stating in the application for license to marry that this would be his first marriage, and that he had no former wife or wives living or dead; also, that in his questionnaire, filed with the committee on character and fitness, he failed to disclose any information with regard to a criminal proceeding theretofore brought against him in the District Court of Southern Essex, at Lynn, Mass., by his wife, Anna Gertrude Kelly. One of the questions in the questionnaire was as follows: " 20. Is there any incident in your career favorable or unfavorable not hereinbefore referred to having a bearing upon your character or fitness for admission to the Bar? If so, give full details." The respondent answered, " There is none."

It further appears in evidence that on December 10, 1927, while his application for admission to the bar was pending, the respondent had been arraigned in a Magistrate's Court in the borough of Manhattan, on a charge of bigamy preferred by Miss Lamont,

which circumstance he concealed from the committee on character and fitness. The charge of bigamy was subsequently dismissed by the magistrate because of the failure of his first wife, Anna G. Kelly, to appear. She could not be reached by process because she was a resident of Massachusetts. Subsequently, however, she did appear and testify before a grand jury of New York county, whereupon an indictment upon a charge of bigamy followed. The trial of this indictment resulted in an acquittal because of the failure of the said wife, Anna G. Kelly, to appear and testify.

In opposition to this motion to confirm the report of the referee finding that the charges set forth in the petition have been sustained, the respondent has filed an affidavit.

In this affidavit the respondent pleads illness due to an extreme condition of nervousness and general debility, and alleged generally that he has a good and meritorious defense to the charges set forth in this proceeding, but he fails to state any facts or even to intimate the nature of his defense. Ordinarily, this would be a bar to the relief requested. The Association of the Bar opposes upon this ground, namely, that the respondent has submitted no statement of fact which controverts any of the evidence adduced against him.

The respondent failed to appear before the Association of the Bar to make explanation, but filed an answer to the charges presented to this court, and then failed to appear before the referee or to set forth any facts tending to show his defense.

In view of the failure to defend before the official referee, respondent, on the present motion to open his default, should have disclosed some fact tending to support his claim of a good and meritorious defense to the serious charges.

Not having done so, the report should be confirmed, the motion for a rehearing denied, and the respondent disbarred.

MERRELL, MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Respondent disbarred.